CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00069-005 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ADAM ROYAL MCELVY ) | Chief United States District Judge |

## MEMORANDUM OPINION

Before the court is defendant Adam Royal McElvy's *pro se* motion for early termination of supervised release. (Dkt. No. 357.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve McElvy's motion. The court will grant McElvy's motion.[1]

## I. BACKGROUND

In 2017, McElvy pled guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine. The court sentenced McElvy to 100 months in prison. (Dkt. No. 256.) The court also sentenced McElvy to four years of supervised release. (*Id.*)

McElvy was released from prison on February 17, 2023, and began his federal supervision. McElvy states that he has complied with all the requirements of his supervision and has been continually employed. He also notes that he was a model prisoner while incarcerated. (Dkt. No. 357.)

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While McElvy's offense was serious, he has now served over a year of his supervised release term which expires February 17, 2027.  He has maintained the same job since March 13, 2023, and has been able to provide for and rekindle his relationship with his son.  He has tested negative for all drug screens and has managed, after 15 years, to get his driver's license back.  He requests to have his supervised release terminated early as he is "thriving and continuing to

do so well." He reports to the court that he feels as though his life back on track and that he will continue to stay on the path he is on.

The court finds that there is no longer a need to protect the public or to deter McElvy from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant McElvy's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, McElvy's motion for early termination of supervised release (Dkt. No. 357) will be granted. The court will issue an appropriate order.

Entered: August 5, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge